IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | NO. 3:09-cr-23 (CAR) |
| : | |
| EDDIE DONOVAN IVIE, : | |
| : | |
| Petitioner. : | |

## RECOMMENDATION

Before the Court is Petitioner Eddie Donovan Ivie's "Motion for Amendment of Presentence Report" (Doc. 39), in which Petitioner moves the Court to amend his Presentence Investigation Report, *nunc pro tunc*, to reflect a history of drug and alcohol abuse. Petitioner seeks the amendment to assist in his efforts for admission into the Bureau of Prisons' Residential Drug Abuse Program ("RDAP"). Because the relief Petitioner requests is not authorized, it is **RECOMMENDED** that the motion be **DENIED**.

Following a plea of guilty to conspiracy to possess with the intent to distribute cocaine, Petitioner was sentenced on January 6, 2011 to 121 months imprisonment. Docs. 17, 20. Prior to sentencing Petitioner filed two separate objections to the Presentence Investigation Report. Docs. 12, 16. Neither Objection addressed his history of drug and alcohol abuse.

On January 3, 2012, Petitioner filed a *pro se* motion to reduce his sentence in connection with the Fair Sentencing Act of 2010. Doc. 22. That motion was denied. Doc. 23.

Petitioner next filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. 25. In that motion, Petitioner alleged that the Court did not apply the appropriate sentencing guidelines and that he should have been sentenced under the provisions of the Fair Sentencing

Act. Both claims were denied, as they were both procedurally defaulted and unsupported on the merits. Docs. 33, 37. As the Court noted, Petitioner's sentence was consistent with the Fair Sentencing Act and the guidelines in effect at the time. Petitioner did not appeal from the denial of his Section 2255 motion.

Petitioner now moves the Court to amend his Presentence Investigation Report to support an application for entry into the RDAP. Such relief is not authorized. As the Eleventh Circuit has repeatedly held, Rule 32 of the Federal Rules of Criminal Procedure does not give district courts jurisdiction to correct a presentence investigation report following judgment. United States v. Peloso, 824 F.2d 914 (11th Cir. 1987) (citing United States v. Fischer, 821 F.2d 557 (11th Cir. 1987)). "The correct procedure to pursue a Rule 32 violation is to do so on direct appeal." Id. "[W]here a defendant was given an opportunity to examine his PSI report, in order bring a Rule 32 issue in a post-conviction proceeding, the defendant must have objected to the presentencing report at trial. To raise it for the first time post-judgment is too late." Id. The record shows that Petitioner did not object to the absence of drug abuse history in the Presentence Investigation Report prior to sentencing, on direct appeal, or in his Section 2255 petition. He may not raise those objections now.

Accordingly, it is hereby **RECOMMENDED** that Petitioner's Motion for Amendment of Presentence Report (Doc. 39) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 8th day of March, 2016.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge